William J. Heller
McCarter & English LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 639-6973

*Attorneys for Plaintiffs The Hershey
Company and Hershey Chocolate &
Confectionery Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------x
THE HERSHEY COMPANY and HERSHEY  :
CHOCOLATE & CONFECTIONERY CORPORATION,
                                 :
            Plaintiffs,
                                 :
      v.
                                 :
PROMOTION IN MOTION, INC.,
                                 :
            Defendant.
------------------------------------------x

## COMPLAINT

Plaintiffs The Hershey Company ("Hershey Company") and Hershey Chocolate & Confectionery Corporation ("Hershey Chocolate") (hereinafter collectively referred to as "Hershey"), for their complaint against defendant Promotion in Motion ("defendant" or "PIM") for trademark infringement and dilution, false designation of origin, unfair competition and cancellation of a registered trademark, plead and allege as follows:

## NATURE AND BASIS OF THE ACTION

1.  This action is brought by Hershey against PIM under the Lanham Act, 15 U.S.C. §§ 1114, 1119 and 1125, seeking preliminary and permanent injunctive relief, cancellation of a registered trademark, profits, damages and other relief relating to defendant's registration and

use of the mark SWISSKISS. Hershey Chocolate is the owner and Hershey Company the licensee of the famous, federally registered trademarks KISSES® and HERSHEY'S® KISSES®, as well as a family of marks featuring the words KISS and KISSES (the "KISSES® marks"). Hershey uses these marks in connection with a variety of chocolate candies, which it sells throughout the United States and abroad. Examples of advertising for various Hershey's KISSES® brand products featuring the KISSES® marks are attached hereto as Exhibit A. Hershey's KISSES® brand products have achieved universal fame and monumental sales, and the marks are well known to consumers throughout the United States.

2. Defendant, on information and belief, is or has engaged in or, unless enjoined, will engage in the manufacture, importation, distribution and sale of chocolate candies prominently bearing the mark SWISSKISS. Pictures of defendant's infringing chocolate candy are attached hereto as Exhibit B.

3. The use or intended use by defendant of the mark SWISSKISS for its chocolate candy products infringes the KISSES® marks and unlawfully trades on the goodwill and reputation Hershey has established through its use and promotion of the KISSES® marks. Defendant's infringement of the KISSES® marks is likely to cause consumers, purchasers and others to be confused or mistaken into believing that defendant's chocolate candy products originate with, are sponsored or approved by, emanate from, or are otherwise associated with, Hershey or the source of the KISSES® brand products and marks. In addition, defendant's confusingly similar mark SWISSKISS dilutes and/or is likely to dilute the distinctive and famous KISSES® marks.

4.  Unless such acts of infringement, false designation of origin, unfair competition and dilution are enjoined and defendant's trademark SWISSKISS cancelled, Hershey will suffer irreparable injury for which there is no adequate remedy at law.

5.  Defendant's mark SWISSKISS should be cancelled for the additional reason that, on information and belief, defendant, prior to filing a Statement of Use with the United States Patent and Trademark Office ("PTO") in support of its application to register the mark SWISSKISS, failed to satisfy the Lanham Act's "use in commerce" requirement -- that the use of a mark on which a trademark applicant bases its application for registration be bona fide and in the ordinary course of trade. In addition, defendant's mark SWISSKISS should be cancelled because, on information and belief, defendant has committed fraud on the PTO in making material misrepresentations in connection with the filing of its Statement of Use in support of its application to register the trademark SWISSKISS.

## **PARTIES**

6.  The Hershey Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania 17033. Hershey Company is a major manufacturer and seller of chocolate and confectionery candy and chocolate-related grocery products, including the well-known and very successful line of KISSES® products.

7.  Hershey Chocolate is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4860 Robb Street, Wheat Ridge, Colorado 80033. Hershey Chocolate is a wholly-owned subsidiary of Hershey Company and is the owner of the KISSES® trademarks, which Hershey Chocolate has licensed Hershey Company to use.

ws4F0.tmp                                              3

8. On information and belief, defendant PIM is a corporation organized and existing under the laws of Delaware with its principal place of business in Closter, New Jersey. On information and belief, PIM is engaged in the business of manufacturing, importing, distributing and selling candy products, including the infringing chocolate products at issue in this lawsuit.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over the trademark infringement and dilution, false designation of origin and unfair competition claims pursuant to the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331 and 1338(a) & (b).

10. The Court has personal jurisdiction over defendant PIM because, upon information and belief, defendant is present and doing business in the State of New Jersey.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) & (c) because defendant is subject to personal jurisdiction in this Judicial District and because a substantial part of the events giving rise to plaintiffs' claims occurred in this Judicial District.

## ALLEGATIONS COMMON TO ALL CLAIMS

### Hershey and Its Famous Trademarks

12. For more than a century, Hershey and its predecessors have been among the leading manufacturers of confectionery items, including chocolate candy, in the United States and worldwide.

13. Among Hershey's most famous products is the HERSHEY'S KISSES®, or simply KISSES®, chocolate candy, first introduced in 1907, which Hershey manufactures and distributes under the KISSES® marks.

14. The Hershey family of KISSES® marks are universally recognized symbols of Hershey's goodwill and are the subject of a number of federal trademark registrations, including:

ws4F0.tmp                                    4

- **HERSHEY'S KISSES** (stylized), U.S. Registration No. 165,248. Registered on March 6, 1923 for use in connection with solid chocolates;
- **HERSHEY'S KISSES** and design, U.S. Registration No. 863,607. Registered on January 14, 1969 for use in connection with generally conical pieces of chocolate candy;
- **HERSHEY'S KISSES**, U.S. Registration No. 1,549,371. Registered on July 25, 1989 for use in connection with chocolates;
- **KISSES**, U.S. Registration No. 2,416,701. Registered on January 2, 2001 for use in connection with solid chocolate candy, with and without ingredients such as nuts;
- **A BIG KISS FOR YOU**, U.S. Registration No. 1,074,784. Registered on October 4, 1977 for use in connection with candies including chocolate products;
- **HERSHEY'S MILK CHOCOLATE KISSES** and design, U.S. Registration No. 1,236,602. Registered on May 3, 1983 for use in connection with candy;
- **HERSHEY'S KISSES WITH ALMONDS MILK CHOCOLATE** and design, U.S. Registration No. 1,549,369. Registered on July 25, 1989 for use in connection with candy;
- **HERSHEY'S KISSES WITH ALMONDS MILK CHOCOLATE** and design, U.S. Registration No. 1,549,368. Registered on July 25, 1989 for use in connection with candy;
- **HUGS 'N KISSES**, U.S. Registration No. 1,797,199. Registered on October 5, 1993 for use in connection with candy;
- **HUGS & KISSES**, U.S. Registration No. 2,321,971. Registered on February 22, 2000 for use in connection with candy;
- **MINI KISSES**, U.S. Registration No. 2,507,281. Registered on November 13, 2001 for use in connection with confectionery bits for baking;
- **SUPER KISS**, U.S. Registration No. 1,202,212. Registered on July 20, 1982 for use in connection with confectionery;
- **KISSES KISSES KISSES**, U.S. Registration No. 1,396,853. Registered on June 10, 1986 for use in connection with mugs filled with candy;
- **GOODNIGHT KISSES**, U.S. Registration No. 2,285,652. Registered on October 12, 1999 for use in connection with cocoa mixes, chocolate powder and hot chocolate;
- **THE ULTIMATE KISS**, U.S. Registration No. 1,346,588. Registered on July 2, 1985 for use in connection with candy;
- **KISS KEEPER**, U.S. Registration No. 2,564,827. Registered on April 30, 2002 for use in connection with candy sold as a component of a greeting card kit;
- **SEALED WITH A KISS** and design, U.S. Registration No. 2,828,782. Registered on April 6, 2004 for use in connection with candy, and chocolate candy; and

- **A KISS WITH LOVE** (stylized), U.S. Registration No. 2,844,171. Registered on May 25, 2004 for use in connection with candy, and chocolate candy.

15. Rights in the foregoing Hershey marks, copies of the registration certificates for which are attached hereto as Exhibit C, date back for many decades. Many of the foregoing trademark registrations have achieved incontestable status under the Lanham Act, including Reg. Nos. 1,549,371, 1,074,784, 1,236,602, 1,549,369, 1,549,368, 1,797,199, 2,321,971, 1,202,212, 1,396,853, 1,346,588.

16. Over the years, the KISSES® marks have been used extensively not only in connection with candy, but also various gift items such as candles, paperweights, crystal bowls, clocks and Christmas ornaments. The KISSES® marks have been the subject of extensive advertising and promotion in a variety of media, including television, print and the Internet. The HERSHEY'S KISSES® family of products have been highly successful and are sold worldwide. In the United States alone, Hershey sells hundreds of millions of dollars of Kisses® brand products annually.

17. By virtue of Hershey's substantial use, sales and promotion of the KISSES® marks, the marks have become well-known, have become distinctive of Hershey's products, and have come to serve to identify and indicate the source of Hershey's product to consumers and the trade. Hershey has developed for itself and its KISSES® brand products substantial goodwill and an excellent reputation among actual and potential purchasers and users of its products.

18. In light of the distinctiveness of the KISSES® marks, the duration and extent of Hershey's sales, marketing and use of these marks throughout the United States, and the registration of these marks, the KISSES® marks are distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c) – a fact confirmed by the PTO's Trademark Trial and Appeal Board. *See In re Homestead*, Serial No. 75/183,278 at 6 (TTAB

ws4F0.tmp                                6

Apr. 4, 2000) (holding that the KISSES® mark "is in fact a famous trademark for [Hershey's] chocolate candy").

19. Hershey has acted with diligence in policing the unauthorized use and misuse by other parties of trademarks similar to or identical to the famous KISSES® marks when such uses have come to Hershey's attention.

**Defendant's Unauthorized Use of the Hershey Marks
and Resulting Likelihood of Confusion.**

20. Well after Hershey first began using its KISSES® marks, defendant commenced manufacturing and/or importing, distributing, marketing and selling a chocolate candy product prominently branded with the name "SwissKiss."

21. On information and belief, defendant manufactures and/or imports, markets, distributes and sells or, unless enjoined, will sell its infringing SwissKiss chocolate products in commerce in the United States, including in the State of New Jersey.

22. Defendant has not now and never has been authorized by Hershey or its affiliates to use the KISSES® marks in connection with its products.

23. On information and belief, the defendant's infringing chocolate product is or has been sold or, unless enjoined, will be sold in similar stores and channels of trade as Hershey's KISSES® products. Both products are in the same general category of chocolate candy, and are or have been sold or, unless enjoined, will be sold to similar retailers and consumers.

24. Defendant's use of the SWISSKISS mark in its product labeling is likely to cause confusion, mistake or deception of purchasers and the consuming public as to the source or origin of its goods and services. A substantial number of actual and potential purchasers and consumers, upon encountering defendant's products or advertisements bearing the SWISSKISS mark are likely to mistakenly believe that defendant's goods originate with, or are licensed,

approved, or sponsored by, or otherwise affiliated with or related to, Hershey or its KISSES® brand products.

25. Defendant's use of the SWISSKISS mark or, unless enjoined, future use of the SWISSKISS mark has caused or will cause dilution of Hershey's famous KISSES® marks, by lessening their capacity to identify and distinguish products marketed and sold by Hershey under the KISSES® marks and by tarnishing those famous marks.

26. Defendant's acts are causing or, unless enjoined, will cause and will continue to cause damage and irreparable harm to Hershey and to its valuable reputation and goodwill with purchasers and consumers. Such irreparable harm will continue unless and until defendant's conduct described above is enjoined and defendant's mark SWISSKISS is cancelled.

### FIRST CLAIM FOR RELIEF
### Infringement of Federally Registered Mark
### (15 U.S.C. § 1114(1)(a))

27. Plaintiffs repeat and reallege paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. This claim is for the infringement of a trademark registered in the United States Patent and Trademark Office, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a), as amended.

29. Defendant's mark SWISSKISS is confusingly similar to, and a colorable imitation of, the federally registered KISSES® marks and infringes Hershey's trademark registrations covering those marks. Defendant's unauthorized use of its mark is likely to cause confusion and mistake and to deceive the public as to the approval, sponsorship, license, source or origin of defendant's products.

30. On information and belief, defendant's acts of trademark infringement have been or, unless enjoined, will be done willfully and deliberately and defendant has profited and been unjustly enriched or, unless enjoined, will profit and be unjustly enriched by sales that defendant would not otherwise have made but for its unlawful conduct.

31. Defendant's acts described above have caused injury and damages to plaintiffs, and have caused or, unless enjoined, will cause irreparable injury to plaintiffs' goodwill and will continue to cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### False Designation of Origin and Unfair Competition
### (15 U.S.C. § 1125(a))

32. Plaintiffs repeat and reallege paragraphs 1 through 26 of this Complaint as if fully set forth herein.

33. This claim is for false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendant's unauthorized use or, unless enjoined, future use of the mark SWISSKISS falsely designates the origin of defendant's products and services and permits defendant to compete unfairly with plaintiffs, in violation of 15 U.S.C. § 1125(a).

35. On information and belief, defendant's acts of false designation of origin and unfair competition have been or, unless enjoined, will be done willfully and deliberately and defendant has profited and been unjustly enriched or, unless enjoined, will profit or be unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

36. Defendant's acts described above have caused injury and damages to plaintiffs, and have caused or, unless enjoined, will cause irreparable injury to plaintiffs' goodwill and

reputation, and will continue to cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Trademark Dilution
### (15 U.S.C. § 1125(c))

37. Plaintiffs repeat and reallege paragraphs 1 through 26 of this Complaint as if fully set forth herein.

38. This claim is for the dilution of trademarks pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), as amended by the Trademark Dilution Revision Act of 2006.

39. The KISSES® marks are distinctive and famous within the meaning of 15 U.S.C. § 1125(c), and were distinctive and famous prior to the date of defendant's conduct challenged herein.

40. Defendant's conduct, as described above, is diluting or, unless enjoined, will dilute and is likely to continue diluting the distinctive quality of the famous KISSES® marks, which impairs the distinctiveness of those famous marks and lessens their capacity to identify and distinguish products marketed and sold by plaintiffs under the KISSES® marks.

41. On information and belief, defendant's acts of trademark dilution have been or, unless enjoined, will be done willfully and deliberately and defendant has profited and been unjustly enriched or, unless enjoined, will profit and be unjustly enriched by sales that defendant would not otherwise have made but for its unlawful conduct.

42. Defendant's acts described above have caused or, unless enjoined, will cause injury and damage to plaintiffs' goodwill and reputation and will continue to cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### Cancellation of Trademark
### (15 U.S.C. § 1119)

43. Plaintiffs repeat and reallege paragraphs 1 through 26 of this Complaint as if fully set forth herein.

44. This claim is for cancellation of defendant's mark SWISSKISS pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119.

45. Defendant filed with the PTO an Intent-to-Use application for the mark SWISSKISS on or about May 8, 2002.

46. On June 27, 2004, defendant filed with the PTO a Statement of Use in support of its application to register the mark SWISSKISS stating that defendant first used in commerce the mark SWISSKISS as early as June 24, 2004. The PTO registered the mark SWISSKISS effective September 28, 2004.

47. Defendant's federally-registered mark SWISSKISS is confusingly similar to, and a colorable imitation of, the federally registered KISSES® marks and infringes and dilutes Hershey's trademark registrations covering those marks. Defendant's unauthorized registration and use or future use of the mark SWISSKISS is likely to cause confusion and dilution and to deceive the public as to the approval, sponsorship, license, source or origin of defendant's products.

48. Defendant was not entitled to register the mark SWISSKISS because the mark is likely to infringe and dilute Hershey's registered and famous KISSES® marks, and the PTO was authorized to refuse registration of the mark SWISSKISS because of defendant's infringement and dilution as alleged above.

49. Unless defendant's mark SWISSKISS is cancelled, defendant's registration of the mark SWISSKISS will cause injury and damage to plaintiffs' goodwill and reputation and will continue to cause further irreparable injury.

50. Additionally, on information and belief, defendant's use in commerce of the mark SWISSKISS as early as June 24, 2004, as alleged by defendant in the Statement of Use it filed with the PTO, and any and all subsequent use by defendant of the mark SWISSKISS, was not and has not been bona fide commercial use, but, rather, token use that was not, and has not been made in the ordinary course of trade.

51. Defendant's failure to meet the "use in commerce" requirement under Section 45 of the Lanham Act, 15 U.S.C. § 1127, prior to defendant's filing of a Statement of Use with the PTO renders defendant's trademark registration void.

52. Additionally, on information and belief, defendant's representations in its Statement of Use filed with the PTO on June 27, 2004, that defendant "is using . . . the mark [SWISSKISS] in commerce," and that the mark SWISSKISS was "first used in commerce at least as early as 06/24/2004" were false or misleading. Any use made by defendant of the mark SWISSKISS prior to defendant's filing of its Statement of Use did not meet the definition of "use in commerce" under Section 45 of the Lanham Act, 15 U.S.C. § 1127.

53. Defendant knew or should have known that these representations were false or misleading.

54. Defendant's false or misleading statements were material because the PTO relied on these misrepresentation in registering the mark SWISSKISS.

55. Defendant's acts described above have caused injury to and have damaged plaintiffs' goodwill and reputation and, unless the mark SWISSKISS is cancelled, will cause further irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Hershey prays that this Court enter judgment against defendant as follows:

A. Granting preliminary and permanent injunctive relief restraining defendant, its officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with defendant and all those in privity or active concert or participation with any of the foregoing (including without limitation each distributor or reseller of the defendant's products), and all those who receive actual notice by personal service or otherwise:

(1) from using, orally, in writing or in any media, the name, word or mark SWISSKISS or any other name, word or mark confusingly similar to plaintiffs' KISSES® marks for any purpose;

(2) from otherwise competing unfairly with plaintiffs;

B. Ordering that defendant be adjudged to have violated Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(c), and further ordering that the foregoing acts by defendant be adjudged to have been done willfully and deliberately.

C. Ordering defendant to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of defendant's acts of trademark infringement and dilution, false designation of origin, and unfair competition, the content, nature, form and extent of which is to be approved by plaintiffs and this Court;

ws4F0.tmp

13

D. Ordering an accounting of all gains, profits, savings and advantages realized by defendant from its aforesaid acts of trademark infringement and dilution, false designation of origin, and unfair competition;

E. Awarding such damages as plaintiffs shall establish in consequence of defendant's aforesaid acts of trademark infringement and dilution, false designation of origin, and unfair competition, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate plaintiffs for their damages, pursuant to 15 U.S.C. § 1117(a);

F. Ordering defendant to recall from all chains of distribution all goods, product packaging, promotional materials, advertisements, commercials, infomercials and other items, the dissemination by defendant of which would violate the injunction herein granted;

G. Ordering defendant to deactivate all web sites and deliver up for destruction any and all goods, product packaging, promotional materials, advertisements, commercials and other items in the possession, custody or control of defendant which, if sold, displayed or used, would violate the injunction herein granted;

H. Ordering defendant to pay for and cause to be disseminated to each distributor and reseller of defendant's products a notice advising said persons of defendant's acts of trademark infringement and dilution, false designation of origin, and unfair competition and advising of the issuance and content of the injunction herein granted;

I. Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), defendant shall serve upon plaintiffs within thirty (30) days after service on defendant of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which defendant has complied with the injunction;

J. Canceling defendant's mark SWISSKISS, pursuant to 15 U.S.C. § 1119;

K. Awarding plaintiffs their costs and expenses of this action;

L. Declaring that this is an exceptional case, pursuant to 15 U.S.C. § 1117, because of the willful and deliberate nature of defendant's acts of trademark infringement and dilution, false designation of origin and unfair competition, and awarding plaintiffs their reasonable attorneys' fees; and

M. Granting such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

*Of Counsel*

Thomas A. Smart
Christopher D. Baker
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

McCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
973-622-4444

By: *s/William J. Heller*
    William J. Heller

Dated: April 5, 2007

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action or proceeding pending in any court, or of any pending arbitration, and is the subject of a pending administrative proceeding before the United States Patent & Trademark Office Trademark Trial and Appeal Board ("TTAB"). The caption of the pending TTAB proceeding is "Hershey Chocolate & Confectionery Corporation and Hershey Foods Corporation v. Promotion in Motion, Cancellation No. 92044414." Because the claims asserted by plaintiffs in the federal district court action are broader than those asserted in the TTAB proceeding, and because the federal district court may grant broader relief than is available in a TTAB proceeding, plaintiffs intend to file a motion with the TTAB to stay the TTAB proceeding pending termination of this civil action.

Respectfully submitted,

McCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey   07102
973-622-4444

By: *s/William J. Heller*
    William J. Heller

Dated:  April 5, 2007