THOMAS T. REITH
617-345-3258
TREITH@BURNSLEV.COM

# BURNS & LEVINSON LLP

125 SUMMER STREET  BOSTON, MA 02110
T 617.345.3000   F 617.345.3299
BURNSLEV.COM

April 15, 2010

**Via Facsimile and U.S. Mail - (973) 297-4906**

Madeline Cox Arleo, United States Magistrate
Unites States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07101

      Re:    *The Hershey Company, et al. v. Promotion in Motion, Inc.*
             <u>No. 07 Civ. 1601 (D.N.J.) – Subpoena for Documents and Deposition</u>

Your Honor:

      This office represents New England Confectionery Company ("NECCO") in connection with the above-referenced matter.

<u>Introduction</u>:

      Pursuant to Local Federal Rule of Civil Procedure 5.3 of the District of New Jersey, and in furtherance of my April 2, 2010 telephone discussion with Clerk Allen, NECCO hereby requests that this Honorable Court keep certain of its documents under seal with regard to the above matter. As discussed more fully below, good cause exists for keeping information of a sensitive financial and business nature from public view, and that great harm will result to NECCO if said information is not kept confidential.

      Defendant/Counterclaim Plaintiff Promotion In Motion, Inc. ("PIM") filed certain documents and testimony designated confidential by NECCO under seal at Exhibits 8, 78, and 80 to the Declaration of Richard S. Mandel ("Mandel Declaration") in connection with an Opposition to Plaintiffs' Motion for Partial Summary Judgment. (Docket No. 94-2).

      Exhibit 8 to the Mandel Declaration contain excerpts from the testimony of NECCO's corporate witness, Jacqueline Hague. NECCO designated as confidential pages 44-47 of this transcript because they pertain to financial information concerning NECCO's sales of its product. Relatedly, Exhibit 80 concerns the financial information which is the subject of the testimony. As PIM acknowledges and agrees, these exhibits contain non-public information which are "appropriately classified as confidential." PIM Brief Concerning Defendant's Motion To Determine Whether To Seal Documents, at p. 8 (Docket No. 94-1).

*Madeline Cox Arleo, United States Magistrate*
*Unites States District Court*
*April 15, 2010*
*Page 2 of 3*

BURNS & LEVINSON LLP

     While of a proprietary and personal, historical nature, NECCO does not seek to keep the documents located at Exhibit 78 to the Mandel Declaration under seal at this time.

Discussion:

     As to Exhibits 8 and 80, NECCO maintains that the nature of the materials contained therein requires that these exhibits be kept in confidence. In this regard, NECCO can demonstrate ample "good cause" for exempting these documents from public access. The factors this Court considers in a good cause analysis weigh heavily in NECCO's favor.

     First, the nature of the materials at-issue concern private and sensitive financial data and customer lists of a privately-held company. NECCO maintains this very specific information internally. These materials are simply unavailable to the public and, indeed, are disclosed only to a select few top ranking and trusted officials within NECCO itself. Thus, NECCO strives to maintain the confidentiality and overall secrecy of the information contained therein. Moreover, because the instant matter involves trademark genericness, and because NECCO is merely a third party to this suit, NECCO's financial documents and testimony are, at best, of only a mere tangential relevance, and certainly not crucial to a determination of the issues. Therefore, there is no need or significant interest of justice in exposing these documents for public scrutiny.

     Second, NECCO has a very important and legitimate private interest warranting upholding the protection; namely, NECCO's right to keep its financial data and customer lists from the eyes of competitors and the public at-large. It is axiomatic that corporations have a right to uphold confidential information about their finances and customers. Indeed, it is almost without question, NECCO has a further duty to maintain the confidences and financial information of the clients with which it does its business. Conversely, there is no public interest in disclosing this information to anyone or to the public generally, as the information concerns wholly private matters with no public consequence whatsoever.

     Third, NECCO would suffer a clearly defined and serious injury if this information were not kept confidential. In particular, NECCO's personal, sensitive, confidential, and proprietary information would be exposed to all. Once disclosed, such information regarding finances and customers could be used by NECCO's competitors in a variety of ways, not the least of which could be to court NECCO customers and / or use NECCO's financial information to undercut its sales. Moreover, NECCO would suffer loss of good will from its customers who trust NECCO to maintain their confidences and private information. The potential harms to NECCO and its customers clearly outweigh the perceived benefit of publicizing the materials.

     Last, as stated above, NECCO has offered a less restrictive alternative to a complete request for protective order. While NECCO believes a seal is appropriate for all NECCO documents at issue, NECCO agrees that those documents at Mandel Declaration Exhibit 78 may be publicized. By such agreement, NECCO has attempted to tailor the competing interests of

*Madeline Cox Arleo, United States Magistrate*
*Unites States District Court*
*April 15, 2010*
*Page 3 of 3*

**BURNS & LEVINSON** LLP

fairness - i.e., its and its clients' right to privacy and confidentiality, against those which call for openness of the Courts and their processes.

Conclusion:

The harm NECCO would suffer far outweighs any common law presumption of access. When considering the myriad of factors weighing in favor of disclosure, NECCO's measured harm tips the scales such that the designated documents rightly deserve to be kept confidential.

Thus, NECCO respectfully requests that this Honorable Court keep the documents at Exhibits 8 and 80 under seal. In this regard, NECCO joins in PIM's Proposed Order and asks that the Clerk hereby seal Exhibits 8 and 80 to the Mendel Declaration and permit PIM to file redacted copies of its brief which reference Exhibit 8 (pages 44 – 47 only).

From my discussion with Clerk Allen, I understand that this filing form would comply with Local Rule 5.3. To the extent this Court requires a formal paper, kindly advise and this office will comply with any Court requirement. Thank you for your consideration.

Respectfully submitted,
NEW ENGLAND CONFECTIONARY COMPANY, INC.
By their attorneys,

Thomas T. Reith, BBO #648671
Diane Noel, BBO #656430
BURNS & LEVINSON LLP
125 Summer Street
Boston, Massachusetts 02110
617-345-3000

Dated: April 15, 2010

cc:   Counsel of Record

J:\Docs\42288\00013\01455142.DOC

MASSACHUSETTS ::: RHODE ISLAND