**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

May 4, 2010

William J. Heller, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07102

Howard J. Schwartz, Esq.
Wolff & Samson, PC
One Boland Drive
West Orange, NJ 07052

John Bennett, Esq.
Jackson Lewis, LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960

Scott Wright, Esq.
The Madelaine Chocolate Company
96-03 Beach Channel Drive
Rockaway Beach, NY 11693

## LETTER ORDER

Re:   The Hershey Company, et al. v. Promotion in Motion, Inc.
      Civil Action No. 07-1601 (SDW)

Dear Counsel:

This matter comes before the Court upon the motion of plaintiffs, The Hershey Company and Hershey Chocolate & Confectionery Corporation ("plaintiffs") seeking a determination as to whether certain documents of defendant, Promotion in Motion, Inc. ("PIM") and third parties Madelaine Chocolate Novelties, Inc. ("Madeline Chocolate") and Nestle USA ("Nestle") (sometimes collectively "third parties"), which were filed in connection with plaintiffs' motion for partial summary judgment on PIM's counterclaim and affirmative defense that the kisses trademark is purportedly generic, should be sealed pursuant to L. Civ. R. 5.3(c). (Dkt. No. 59). Specifically, plaintiffs seek to determine whether to seal: (1) plaintiffs' moving brief in support of partial summary judgment; (2) plaintiffs' Local Civil Rule 56.1 statement; and (3) Exhibits C, F, G, and H to the declaration of Thomas A. Smart. Plaintiffs take no position on the merits of sealing the materials at issue. The respective positions of PIM and the third parties are set forth in detail below. No oral argument was heard pursuant to FED. R. CIV. P. 78.

## I. Background

This is an action by plaintiffs against PIM for, *inter alia*, cancellation of PIM's registration of the mark SWISSKISS for use on chocolate, and for infringement of plaintiffs' KISS and KISSES trademarks. PIM has counterclaimed to cancel six of plaintiffs' KISS and KISSES registrations for alleged genericism.

Because of the proprietary and confidential nature of the documents and information exchanged during discovery, the parties requested the entry of a Protective Order. On December 3, 2008, this Court entered the Protective Order, which provides in relevant part that, pursuant to L. Civ. R. 5.3(c), if a party files documents designated as Confidential with the Court, the filing party must file a motion to seal. See Protective Order, at ¶ 17. Plaintiffs' instant motion ensued.

In its letter of March 8, 2010, PIM informed the Court that it was withdrawing its confidentiality designations with respect to Exhibits G and H to Thomas Smart's declaration but lacked sufficient information to take a position on sealing Exhibit C (excerpts of the deposition transcript of Jorge Farber) and Exhibit F (excerpts of the deposition transcript of Brad Rose) to Mr. Smart's declaration, which are the third parties' documents, respectively. Plaintiffs submitted no opposition to PIM's withdrawal of its confidentiality designations.

On March 19, 2010, this Court issued an Order, directing third parties Madelaine Chocolate Novelties, Inc. and Nestle to submit, in writing, their respective positions on sealing Exhibits C & F to Mr. Smart's declaration, in compliance with L. Civ. R. 5.3(c)(2), by April 1, 2010. (Dkt. No. 95). Plaintiffs and PIM were directed to submit any response by April 8, 2010.

In his April 16, 2010 letter, attorney Scott Wright, Vice President of Corporate Development for Madelaine Chocolate, advised the Court that Madelaine Chocolate had elected to waive its confidentiality designation of Exhibit C to Mr. Smart's declaration. On April 1, 2010, counsel for Nestle submitted a certification in support of sealing only pages 148 and 149 of the excerpts of the transcript of Mr. Rose's deposition, which are attached as Exhibit F to Mr. Smart's declaration. (Dkt. No. 99). According to Nestle, only pages 148 and 149 contain confidential, proprietary and commercially sensitive financial and sales information. Neither plaintiffs nor PIM submitted any response to the third parties' respective positions.

As PIM and Madelaine Chocolate have elected to waive their confidentiality designations of Exhibits G, H, and C to Mr. Smart's declaration, respectively, plaintiffs' instant motion concerning Exhibits C, G, and H is hereby dismissed as moot. Given Nestle's April 1, 2010 submission, the Court will analyze only the merits of sealing pages 148 and 149 of the excerpts of the transcript of Mr. Rose's deposition.

## II. Analysis

The standard to be applied is cited in New Jersey Local Civil Rule 5.3(c)(2):

> Any motion to seal or otherwise restrict public access shall be available for review by the public. The motion papers shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

L. CIV. R. 5.3(c)(2). The Explanatory Note to L.CIV.R. 5.3 notes that "[t]he Rule is intended to reflect Supreme Court and Third Circuit law and does not set forth in detail all standards established by precedent."

It is well-established in the Third Circuit that there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). Thus, when a party files a motion to seal certain documents in the record, the moving party must show "good cause" to warrant the relief. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). In Pansy, the Third Circuit identified factors to be considered when determining whether good cause for a protective order exists. These factors, which were further articulated in Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995), include:

1) whether disclosure will violate any privacy interests;
2) whether the information is being sought for a legitimate purpose or for an improper purpose;
3) whether disclosure of the information will cause a party embarrassment;
4) whether confidentiality is being sought over information important to public health and safety;
5) whether the sharing of information among litigants will promote fairness and efficiency;
6) whether a party benefitting from the order of confidentiality is a public entity or official; and
7) whether the case involves issues important to the public.

Id.

As an initial matter, this Court notes that the Pansy factors are neither exhaustive nor mandatory. Id. Indeed, "discretion should be left to the court to evaluate the competing considerations in light of the facts of individual cases." Pansy, 23 F.3d at 789. Thus, the core of any Pansy analysis is a balancing of the private versus the public interests at stake. Glenmede, 56 F.3d at 483. Local Civil Rule 5.3 provides general guidance regarding the standards to be applied.

3

### The Nature Of The Materials Or Proceedings At Issue

Nestle seeks an Order sealing only pages 148 and 149 of the excerpts of the transcript of Mr. Rose's deposition, which are attached as Exhibit F to Mr. Smart's declaration ("pages 148 and 149 of the deposition transcript"). Nestle asserts that these two pages contain information related to Nestle's consumer advertising budget.

After careful review of pages 148 and 149 of the deposition transcript, the Court finds that they reveal Nestle's sales figures for one of Nestle's product lines and its advertising budget for this product. However, as set forth in more detail below, this Court will deny Nestle's request to seal pursuant to Local Civil Rule 5.3(c), but will order that pages 148 and 149 of the deposition transcript be redacted consistent with the Court's findings herein.

### Legitimate Private or Public Interests Must Warrant the Relief Sought

As a threshold matter, this Court notes that, although pages 148 and 149 of the deposition transcript were exchanged in reliance on the Protective Order, the parties' agreement to keep documents confidential does not control whether these two pages of the deposition transcript should be sealed pursuant to Local Civil Rule 5.3(c). Nevertheless, with respect to pages 148 and 149, the Court finds that these materials contain proprietary and commercially sensitive financial and sales information about Nestle. This District Court has previously protected materials containing "trade secret[s] or other confidential research, development, or commercial information" to prevent harm to a party's standing in the marketplace. FED. R. CIV. P. 26(c)(7). See, e.g., Mars, Inc. v. JCM American Corp., Civ. No. 05-3165 (RBK), 2007 WL 496816, *2 (D.N.J. Feb. 13, 2007); Faulman v. Security Mutual Financial, C.A., No. 04-5083 (AET), 2006 WL 1541059, *1 (D.N.J. Jun. 2, 2006). Indeed, the materials at issue, if disclosed, could compromise the ability of Nestle to remain competitive in the industry. See Faulman, 2006 WL 1541059, *1. Accordingly, this Court find that third-party Nestle possesses a legitimate private interest that warrants protection from disclosure.

However, pages 148 and 149 of the deposition transcript contain narrowly tailored portions of highly sensitive commercial information, which can be adequately addressed by redaction of those two pages. As such, the Court is satisfied that any legitimate privacy interest advanced by Nestle in maintaining the confidentiality of pages 148 and 149 of Mr. Rose's deposition transcript is outweighed by the public's right to access the other non-confidential excerpted pages of the transcript. Additionally, the Court is satisfied that Nestle will suffer no clearly defined or serious harm in the present or future should the public be afforded access to the non-confidential excerpts of the deposition transcript. Accordingly, although Nestle has failed to satisfy the standard set forth in subsection (c)(2)(b) of Local Civil Rule 5.3 justifying sealing pages 148 and 149 of the deposition transcript, as detailed below, redaction will achieve the same result.

### Clearly Defined and Serious Injury Must Result if the Relief Sought is not Granted

As set forth above, no clearly defined harm will fall upon Nestle if the relief sought is not granted concerning pages 148 and 149 of the deposition transcript. Indeed, redaction of these two pages will adequately prevent Nestle from suffering any clearly defined and serious injury. Accordingly, Nestle has failed to satisfy the standard set forth in subsection (c)(2)(c) of Local Civil Rule 5.3 justifying sealing pages 148 and 149 of the deposition transcript.

### No Less Restrictive Alternative is Available

Finally, the Court finds that redaction is appropriate for pages 148 and 149 of the deposition transcript that contain proprietary and highly sensitive commercial information. Accordingly, this Court is satisfied that redacting pages 148 and 149 of Mr. Rose's deposition transcript is a less restrictive alternative than sealing in this case because redaction can easily be achieved without rendering the excerpted deposition transcript meaningless.

### III.  Decision

The Court has reviewed pages 148 and 149 of the excerpts of the deposition transcript of Brad Rose, attached as Exhibit F to Mr. Smart's declaration, (Dkt. No. 54-2), that Nestle proposes to seal. The Court finds that only pages 148 and 149 of the deposition transcript, contain confidential business information, and thus shall be redacted from Exhibit F to Mr. Smart's declaration consistent with the Court's findings herein. Accordingly, as redaction, a less restrictive alternative to sealing is available, Nestle's request for an Order sealing pages 148 and 149 of the deposition transcript is **DENIED**.

Additionally, in light of PIM's and Madelaine Chocolate's election to waive their confidentiality designations of Exhibits G, H, and C to Mr. Smart's declaration, respectively, plaintiffs' motion (Dkt. Entry No. 59) is hereby **DISMISSED AS MOOT**, only as to these documents.

It is **ORDERED** that Exhibits C, G, and H to Thomas Smart's declaration (Dkt. No. 54 and attachments 54-1, 54-3, and 54-4 thereto) shall be unsealed.

It is further **ORDERED** that plaintiffs' moving brief in support of partial summary judgment (Dkt. No. 55); and (2) plaintiffs' Rule 56.1 statement (Dkt. No. 52), which reference pages 148 and 149 of Mr. Rose's deposition transcript, shall be removed from the official docket in the above-captioned matter. The Court notes that, following their instant Rule 5.3(c) motion, plaintiffs filed redacted versions of their moving brief in support of partial summary judgment, (Dkt. No. 69), and their Rule 56.1 statement (Dkt. No. 70). The Court has reviewed those redacted versions, and has determined that they are consistent with the Court's rulings herein concerning redaction of Exhibit F to the Smart declaration.

It is further **ORDERED** that Exhibit F to Thomas Smart's declaration (Dkt. No. 54-2) shall be removed from the official docket in the above-captioned matter and replaced with redacted copies consistent with the Court's findings herein.

_____
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc: Hon. Susan D. Wigenton, U.S.D.J.
    Clerk of the Court
    File