IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------x
THE HERSHEY COMPANY and HERSHEY  :     **ORDER**
CHOCOLATE & CONFECTIONERY CORPORATION,
                      Plaintiffs-Counterclaim Defendants,   Civil Action No:
                                                             07-CV-1601 (SDW) (MCA)
    v.

PROMOTION IN MOTION, INC.,

                      Defendant-Counterclaim Plaintiff.
------------------------------------------x

Upon consideration of the application of Plaintiffs-Counterclaim Defendants The Hershey Company's and Hershey Chocolate & Confectionery Corporation's (collectively, "Hershey") for the entry of an Order, pursuant to Local Civil Rule 5.3(c), determining whether to seal: (a) Plaintiffs' Brief in Support of Their Motion for Partial Summary Judgment on Defendant's Counterclaim and Affirmative Defense that the Kisses Trademark Is Purportedly Generic, (b) Plaintiffs' Local Rule 56.1 Statement of Undisputed Facts In Support of Motion for Partial Summary Judgment on Defendant's Counterclaim and Affirmative Defense that the Kisses Trademark Is Purportedly Generic, and (c) Exhibits C, F, G and H (pages 165-68) to the Declaration of Thomas A. Smart, and the Court having considered the papers submitted in support of this Motion, and for good cause shown; the Court hereby finds:

    1.    Defendant-Counterclaim Plaintiff Promotion In Motion, Inc. ("PIM") and third parties Jorge Farber, appearing as a Rule 30(b)(6) witness on behalf of Madelaine Chocolate Novelties Inc. ("Farber"), and Brad Rose, appearing as a Rule 30(b)(6) witness on behalf of Nestle USA, Inc. ("Rose"), have filed and served confidential information, the public disclosure of which could affect legitimate business interests. In the Protective Order entered in this action

9572753_1.DOC

on December 3, 2008 (Dkt. No. 31) ("Order"), the parties agreed to protect confidential information disclosed to the opposing party in this litigation.

2. In the Order, the parties agreed that information may be designated as "Confidential." Pursuant to the Order, a party wishing to use material designated "Confidential" in a submission filed with the Court must move pursuant to Local Civil Rule 5.3 for leave to file the submission under seal. (Order ¶ 17).

3. Pursuant to the provisions of Local Rule 5.3, Hershey has filed under seal: (a) Plaintiffs' Brief in Support of Their Motion for Partial Summary Judgment on Defendant's Counterclaim and Affirmative Defense that the Kisses Trademark Is Purportedly Generic, (b) Plaintiffs' Local Rule 56.1 Statement of Undisputed Facts In Support of Motion for Partial Summary Judgment on Defendant's Counterclaim and Affirmative Defense that the Kisses Trademark Is Purportedly Generic, and (c) Exhibits C, F, G and H (pages 165-68) to the Declaration of Thomas A. Smart. These documents are referred herein as the "Confidential Materials."

4. The Confidential Materials contain information that PIM or third parties Jorge Farber and Brad Rose have designated "Confidential" under the Order.

5. The information in the Confidential Materials satisfies the standards set forth in Local Civil Rule 5.3. The public release of this material, which includes PIM, Jorge Farber and Brad Rose's confidential business information, would greatly harm their competitive and business interests. There is no less restrictive alternative to sealing the Confidential Materials. Furthermore, Hershey has filed a redacted version of Plaintiffs' Brief in Support of Their Motion for Partial Summary Judgment on Defendant's Counterclaim and Affirmative Defense that the Kisses Trademark Is Purportedly Generic for inclusion on the Court's docket.

THEREFORE, it is this ___19th___ day of ___May___, 2010

IT IS ORDERED that Motion to Seal Pursuant to Local Rule 5.3 is hereby granted; and

IT IS FURTHER ORDERED that the Clerk is hereby directed to seal the Confidential Materials.

_____
Honorable ~~Madeline Cox Arleo~~
United States ~~Magistrate~~ Judge
DISTRICT