UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

THE HERSHEY COMPANY and : 
HERSHEY CHOCOLATE &
CONFECTIONARY CORPORATION, : CIVIL ACTION NO. 07-1601 (SDW)

       Plaintiffs, : **CLERK'S ORDER DENYING**
                     **PROMOTION IN MOTION, INC.'S**
       v. : **MOTION TO TAX COSTS**

PROMOTION IN MOTION, INC. :

       Defendant. :
_____

      This matter comes before the Clerk on the motion of Defendant Promotion in Motion,

Inc. ("PIM," "Defendant") for the taxation of costs pursuant to Federal Rule of Civil Procedure

54(d) and Local Civil Rule 54.1.  Plaintiffs The Hershey Company and Hershey Chocolate &

Confectionary Corporation (collectively, "Hershey," "Plaintiffs") oppose this motion.

      The underlying action, filed on April 5, 2007 by Hershey, was brought under the Lanham

Act, 15 U.S.C. §§ 1114, 1119 and 1125.  Plaintiffs asserted that PIM's federal registration and

use of the SWISSKISS mark for its chocolate products constituted trademark infringement and

dilution of Hershey's KISSES marks as well as false designation of origin and unfair

competition.  [Dkt. Entry 1].  In addition to seeking preliminary and permanent injunctions,

damages and attorneys' fees, Hershey sought cancellation of Defendant's SWISSKISS mark.

      Defendant answered with counterclaims and affirmative defenses asserting that Plaintiffs'

KISSES trademarks were generic, invalid and unprotectable.  [Dkt. Entries 9, 39].  PIM sought

a declaration of invalidity of Hershey's trademarks and of PIM's non-infringement and

non-dilution in addition to the cancellation of Hershey's trademark registrations containing

the words Kiss or Kisses.

More detailed factual and procedural histories are set forth in this Court's opinion on final judgment. [Dkt. Entry 176]. The Clerk highlights just the limited events essential to the adjudication of this motion.

Hershey's trademark for KISSES was registered on January 2, 2001, with a date of first use of July 1, 1907. Hershey has many federal trademark registrations containing the word KISS or KISSES and has sold KISSES chocolates continuously since its date of first use.

After an initial de minimis sale of SWISSKISS chocolates, PIM's registration of SWISSKISS was issued by the United States Patent and Trademark Office ("USPTO") on September 28, 2004. On February 14, 2005, PIM received a cease and desist letter from Hershey's counsel. Hershey subsequently filed a cancellation petition against PIM with the Trademark Trial and Appeal Board ("TTAB") on April 12, 2005. The TTAB cancellation proceeding was suspended when Hershey filed the instant litigation on April 5, 2007. Although PIM has maintained its registration for the SWISSKISS trademark with the USPTO, since Hershey's filing of suit, PIM has not made any sales of SWISSKISS chocolates and has decided not to continue sales until these legal issues have been resolved.

On October 4, 2010, Plaintiffs received split results on their two motions for partial summary judgment. [Dkt. Entries 119, 120]. This Court denied their motion to cancel PIM's SWISSKISS trademark registration due to a lack of bona fide use in commerce but granted their motion on PIM's counterclaim and affirmative defense that the KISSES trademark is generic.

A five-day bench trial, held on November 14 - 18, 2011, culminated in mixed results. On January 18, 2013, judgment was entered in favor of Defendant on Plaintiffs' claims of

trademark infringement and dilution, unfair competition and false designation, but in favor of Plaintiffs on PIM's lack of bona fide use in commerce.  [Dkt. Entry 177].  As a result, PIM's SWISSKISS mark was subject to cancellation.

On February 19, 2013, PIM filed the present timely motion to tax costs against Hershey pursuant to Fed. R. Civ. P. 54(d)(1).  [Dkt. Entry 178].  Defendant seeks the costs of:  deposition and daily trial transcripts ($19,296.03); fees of two expert witnesses ($3,392.80); and copies of summary judgment and trial exhibits ($11,249.93); or a total of $33,938.76.  [Dkt. Entry 178-2]; Declaration of Richard S. Mandel, Esq.

The controlling statute is Fed. R. Civ. P. 54(d)(1), which provides, in relevant part: "***Costs Other Than Attorney's Fees.***  Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

The Clerk notes that the Lanham Act does not contain a conflicting provision for costs that trumps Rule 54(d) in this case.  Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), allows the costs of the action only to a prevailing plaintiff in a trademark infringement or dilution case.  This Court has determined that § 35(a) applies solely to prevailing plaintiffs, not prevailing defendants.  J & J Snack Foods, Corp. v. Earthgrains Co., Civ. A. No. 00-6230, 2003 WL 21051711, at *11 (D.N.J. May 9, 2003).  A prevailing defendant's application for costs in a trademark case is governed by Fed. R. Civ. P. 54(d).  Id. at *11, n. 28.

In opposition, Hershey argues that :  1/ given the mixed results of this case, each party should bear its own costs; 2/ PIM has waived all costs by its failure to comply with the requirements of Local Civil Rule 54.1, governing taxation motions; and 3/ alternatively,

PIM should not recover costs arising out of the issues of non-use and genericism, upon which Hershey prevailed, or costs incurred for the convenience of counsel.  Pls.' Br.; [Dkt. Entry 179].

In order to award costs to PIM, the Clerk must find that it was the "prevailing party" within the meaning of Rule 54(d).   The United States Supreme Court has held that a party is a prevailing party if judgment is rendered in its favor, regardless of the amount of damages awarded, or there is a judicially sanctioned material alteration of the legal relationship of the parties. Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res., 532 U.S. 598 (2001).[1]

This Court has similarly determined that  a prevailing party is "one in whose favor a judgment is rendered, regardless of whether the party has recovered its entire claim or a portion thereof."  Garonzik v. Whitman Diner, 910 F. Supp. 167, 168 (D.N.J. 1995) (citing Fahey v. Carty, 102 F.R.D. 751 (D.N.J. 1983)).  Stated otherwise, a prevailing party is one who "succeeds on 'any significant issue in litigation which achieved some of the benefit sought in bringing suit.'"  Reichhold, Inc. v. U.S. Metals Ref. Co., Civ. A. No. 03-453, 2009 WL 3761828, at *1 (D.N.J. Nov. 6, 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

The difficulty in this case is presented by the fact that there was no clear winner.  Plaintiffs prevailed on some issues, whereas Defendant prevailed on others.  However, in cases of mixed results, such as this, the court has broad discretion in taxing costs.

[1]  The Buckhannon case resulted in a majority, concurring and dissenting opinion. That case actually involved attorney fees under the fee-shifting provisions of the Fair Housing Amendments Act and the Americans with Disabilities Act.  The Justices distinguished between applications for attorney fees and the taxation of costs in discussing whether a voluntary change in the defendant's conduct, rather than a court-ordered judgment, was sufficient to confer prevailing party status on the plaintiff.  Id. at 632-33.  The Justices' difference of opinion on the "catalyst theory" is not material here as this case concluded with the Court's final judgment.

4

Tyco Indus., Inc. v. Lego Systems, Inc., Civ. A. No. 84-3201, 1987 WL 44364 (D.N.J. Feb. 18, 1987).

In the Tyco case, also a Lanham Act suit, plaintiff brought a declaratory action against defendants for alleged trademark infringement and unfair competition and defendants counterclaimed with the same claims.  After a bench trial, plaintiff prevailed on the issue of infringement, allowing it to continue manufacturing its product, and defendants prevailed on their false advertising claims against plaintiff.  This Court held that "both parties obtained 'some of the relief sought'" and concluded, "[a]s both parties have prevailed in part and obtained some of the relief they sought, . . . each party will bear their own costs."  Id. at *2.

Likewise, in an additional case cited by Hershey, Interthal v. State Farm Fire & Cas. Co., the Third Circuit held that the district court did not abuse its discretion in denying costs to plaintiff, who achieved only partial success on his claims.  52 F. App'x 582, 583-84 (3d Cir. 2002).  In that suit for breach of insurance contract and bad faith, the jury awarded plaintiff only $18,000 on his claims which were in excess of $61,000.  As the results were mixed, "the District Court did not abuse its discretion in holding that each party should be responsible for its own costs."  Id.

In another trademark case resulting in a mixed outcome, the court focused on the issue "most seriously in contention."  JA Apparel Corp. v. Abboud, No. 07 Civ. 7787(THK), 2010 WL 1488009, at * 4 (S.D.N.Y. Apr. 13, 2010).  There, the defendant prevailed on the primary issue in the litigation, while the plaintiff prevailed on other issues.  The court denied plaintiff's motion for costs and ordered the parties to bear their own costs.  Id. See also cases of mixed results cited therein at *4, wherein the courts required each party to bear its own costs.

Another type of analysis used in a trademark case of mixed results centered around the "judicially sanctioned change in the legal relationship of the parties," a test of prevailing party status indicated by the Supreme Court in the <u>Buckhannon</u> case.  <u>Maker's Mark Distillery, Inc. v. Diageo North Am., Inc.</u>, Civil Action No.3:03-CV-93-H., 2010 WL 2651186, at *1 (W.D.Ky. June 30, 2010), <u>aff'd</u>, 679 F.3d 410 (6th Cir. 2012).  In that case, Maker's Mark alleged that defendants' use of a red dripping wax seal similar to the one used by Maker's Mark violated the Lanham Act and state common law trademark infringement and unfair competition. Defendants counterclaimed for cancellation of Maker's Mark's trademark on the grounds of genericism and functionality.   The outcome of the bench trial was mixed.  Maker's Mark defeated defendants' counterclaim for cancellation of its trademark and won on its claim of trademark infringement. Maker's Mark was issued an injunction in its favor, prohibiting defendants' use of the red dripping wax seal, but not damages.  Defendants prevailed on the issues of dilution and damages.

On the parties' subsequent cross-motions for costs,  the district court granted Maker's Mark's motion in part, awarding it some costs, and denied defendants' motion.  It determined that Maker's Mark was the prevailing party because the injunction changed the legal relationship of the parties by preventing defendants from using the wax seal.  The court further explained:

> In addition to the trademark infringement claim, Maker's Mark also successfully defended against [defendants'] efforts to invalidate a trademark Maker's Mark has held for 35 years.  This too, was a significant win.  While it is true that Maker's Mark failed to prove trademark dilution and offered scant convincing evidence on the issue of damages,  its success on two of the main issues in the case make it a prevailing party.  Because there is no compelling reason to depart from Rule 54(d)'s standard procedure of awarding the prevailing party its costs, the Court will award costs to Maker's Mark and deny [defendants'] motion for costs.

<u>Id.</u> at *2.

In affirming the district court, the Sixth Circuit pointed out that Maker's Mark had won on the merits of its infringement claim and deemed the permanent injunction obtained by it to be "a judicially sanctioned change in the relationship between the parties."  679 F.3d at 425. The Circuit Court observed that the plaintiff "did not need to win every claim to be considered the prevailing party" and determined that the district court did not abuse its discretion in awarding some costs to Maker's Mark.  Id.

The above case law of mixed-outcome litigation used three different types of analysis, i.e., partial judgment on the merits of the claims, success on the primary issue of the litigation, and a judicially sanctioned change in the legal relationship of the parties.  Under all three analyses, the Clerk concludes that each party should bear its own costs in this litigation and that PIM's motion to tax costs must be denied.  Plaintiffs' counsel puts it well:

> Hershey plainly obtained "some of the benefit" it sought when it originally brought this suit, given its success in canceling PIM's SWISSKISS registration --the very claim originally asserted in the TTAB that was the genesis of the parties' dispute. *Institutionalized Juveniles*, 758 F.2d at 910.  Indeed, this proceeding arose out of a TTAB proceeding between the parties where Hershey's claim of cancelation was the *only* claim asserted.  What is more, PIM failed to prevail on its counterclaim claim [sic] for cancellation of the KISSES registration – a claim that significantly expanded the scope of this litigation, increased the discovery burden on both parties and was the subject of a significant motion for summary judgment by Hershey that the Court granted.  Indeed, PIM achieved no affirmative relief on its own, and only partial success in defending Hershey's claims.

Pls.' Br. at 4 (italics in original).

In sum, Hershey received partial judgment in its favor and achieved success on its original, main goal, i.e., that of cancelling registration of PIM's SWISSKISS mark.  Such court-ordered cancellation undoubtedly constitutes a judicially sanctioned change in the relationship of the parties.  As a result of Hershey's litigation, PIM has lost its federal

7

registration of the SWISSKISS mark.  Like Maker's Mark, Hershey also successfully defended against efforts to cancel a trademark that it has held for 12 years and used for over one hundred years.

For the reasons set forth above, the motion of Defendant **PROMOTION IN MOTION, INC.** to tax costs against Plaintiffs **THE HERSHEY COMPANY** and **HERSHEY CHOCOLATE & CONFECTIONARY CORPORATION** is hereby DENIED.

WILLIAM T. WALSH, CLERK

By:  S/John T. O'Brien
Deputy Clerk

May 6, 2013

8